Gurmit KAUR; Repinder Kaur;
Sukhinder Kaur; Gurpreet
Singh, Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70198.
I&NS Nos. A72–219–033, A72–219–029,
A72–219–031, A72–219–032.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 2001.

Decided June 27, 2001.

Before HUG and T.G. NELSON, Circuit
Judges, and PREGERSON,* District
Judge.

MEMORANDUM **

Where, as here, "the BIA adopts the
IJ's decision while adding its own reasons,

---

* Honorable Dean D. Pregerson, United States
District Court Judge for the Central District of
California.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

we review both decisions."[1]

The IJ denied Kaur's[2] petition because he found that whatever persecution she suffered was attributable to the Indian police's interest in her brother-in-law, Bhupindr Singh. The IJ presumed this interest in Bhupindr to be legitimate. This presumption was incorrect as a matter of law. As *Singh v. Ilchert*[3] teaches, where "there is no evidence of a legitimate prosecutorial purpose for a government's harassment of a person there arises a presumption that the motive for harassment is political."[4]

The BIA rested its decision on this infirm legal basis and also upon its conclusion that Kaur's encounters with police did not rise to the level of persecution. The evidence compels the contrary conclusion.[5] Indian police terrorized the petitioner and her family by coming to her home, often in the wee hours of the morning, on seven occasions during a four-month period leading up to her departure. Each time, police shoved her and her family members, yelled at her, asked her why she was "raising her voice for Khalistan" and accused her of being a terrorist. Police threatened Kaur with sexual assault if she did not reveal Bhupindr's whereabouts. On the seventh occasion, about forty police came to Kaur's home and made Kaur, her three minor children and another brother-in-law, Jasmail, accompany them to the police station. There, Kaur and her children were separated from Jasmail, whom they could hear being tortured in another room. While dunning Kaur with questions about her religion, her political beliefs and Bhupindr's location, the police hit Kaur's children and then threw Kaur herself against a wall when she averred her support for a separate Sikh state. Kaur and her children were released the next day, but only upon payment of a bribe. Contrary to the BIA, we think this evidence compels the conclusion that "the mistreatment [Kaur] suffered ... was substantially more grievous in kind or degree than the general manifestation of hostility between ... competing ethnic and religious groups."[6] Accordingly, we GRANT Kaur's petition for review and REMAND this case to the BIA with instructions to grant her application for withholding of deportation and to present this matter to the Attorney General for the exercise of his discretion under Section 1158(b) in a manner consistent with this disposition.

---

1. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000).

2. Gurmit Kaur is the primary petitioner; the other three petitioners are her children, whose petitions are derivative of hers.

3. 63 F.3d 1501 (9th Cir.1995).

4. *Id.* at 1509 (internal quotation marks, alteration, and citation omitted).

5. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

6. *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir.2000) (internal quotation marks and citation omitted).